UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GEORGE WILLIE BUFORD, III,

    Petitioner,

v.                                Case No:   5:20-cv-171-Oc-39PRL

WARDEN, FCC COLEMEN – USP I,

    Respondent.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

    Petitioner, an inmate of the federal correctional system proceeding pro se, initiated this case by filing a purported Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, Tampa Division (Doc. 1). The Tampa Division transferred the case to this Court because Petitioner is confined at Coleman Federal Correctional Complex, which is in this division. <u>See</u> Order (Doc. 3). This Court directed Petitioner to submit an amended petition using the Court-approved form for prisoners seeking relief under § 2241. <u>See</u> Orders (Docs. 6, 10). Petitioner has complied, and his Amended Petition (Doc. 11; Am. Pet.) is before the Court for initial screening.

    Petitioner asserts two grounds for relief from his 2002 federal conviction out of the United States District Court for the Eastern District of Tennessee, Northern Division. First, he claims

his continued detention violates the Eighth Amendment's cruel and unusual punishment clause because of the risk to his already-compromised health posed by COVID-19. See Am. Pet. at 6. Second, Petitioner asserts he is "actually innocent" of a crime of violence under the Hobbs Act in light of a change in the law.[1] Id. at 7. As relief, Petitioner requests that the Court order the correctional facility to honor social distancing guidelines (as to ground one) and order his release (as to ground two). Id. at 13.

A motion to vacate under 28 U.S.C. § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1079, 1081 (11th Cir.) ("Congress gives a federal prisoner one opportunity to move to vacate his sentence."). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." See § 2255(e). The Eleventh Circuit now makes clear that only under limited circumstances does § 2255's saving clause allow a federal prisoner to seek relief under § 2241. McCarthan, 851 F.3d at 1090. The saving clause applies only under three narrow circumstances:

---

[1] Petitioner previously sought collateral review of his conviction under 28 U.S.C. § 2255. See Am. Pet. at 4. He seeks to invoke this Court's jurisdiction under § 2241, however, based on a "new rule of constitutional law." Id. at 2. Thus, the Court liberally construes his Amended Petition as a request to invoke § 2255's saving clause.

>    (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730-31 (11th Cir. 2017) (citing McCarthan, 851 F.3d at 1092-93).

Accordingly, if a petitioner could have brought his claims in a § 2255 motion, even if those claims would have been foreclosed by binding precedent, the remedy is adequate and effective. McCarthan, 851 F.3d at 1086, 1090 (holding petitioner's remedy under § 2255 was "adequate and effective to test the legality of his detention" because he filed a petition challenging his sentence, which "he could have brought in a motion to vacate").

A federal prisoner may not invoke the saving clause to challenge his conviction based on an intervening change in the law. Id. at 1085. Indeed, in McCarthan, that was precisely what the petitioner sought to do, and the Eleventh Circuit held, "a change in caselaw does not trigger relief under the saving clause." Id. See also Nipper v. Warden, FCC Coleman-Medium, 688 F. App'x 851, 852 (11th Cir. 2017) ("The saving[] clause does not apply to claims based on new rules of constitutional law."). When an intervening change in the law makes a prior conviction invalid, and the prisoner has already collaterally attacked his conviction

3

under § 2255, the proper course is to seek permission to file a second or successive petition under § 2255(h)(2). Id.

Petitioner is not entitled to proceed under § 2241 because the limited circumstances under which § 2255's saving clause applies are not present here. For example, Petitioner does not challenge the execution of his sentence, he does not assert the sentencing court is unavailable, and his sentence was not imposed by multiple courts. See Bernard, 686 F. App'x at 730-31. Instead, Petitioner argues a change in the law permits him to advance a claim for relief that was previously unavailable to him. If such is the case, Petitioner should move to file a second or successive petition under § 2255 in the appropriate court.[2] See Strouse v. Warden, USP Coleman II, 777 F. App'x 468, 468 (11th Cir. 2019) ("A prisoner cannot utilize the saving clause as a means to circumvent . . . 'the process for obtaining permission to file a second or successive' § 2255 motion.") (citing McCarthan, 851 F.3d at 1091).

As to Petitioner's suggestion that the conditions of his confinement expose him to a serious health risk in the wake of COVID-19, such a claim is not cognizable under § 2241. If Petitioner wishes to pursue a civil rights claim, he may do so by filing a civil rights complaint form, which the Court will direct the Clerk to provide to Petitioner.

---

[2] The Court does not hypothesize whether such a motion would succeed.

4

For the above reasons, Petitioner's Amended Petition is due to be dismissed without prejudice subject to his right to pursue other avenues of relief that may be available to him, as referenced in this Order.

Accordingly, it is

**ORDERED:**

1.  This case is **DISMISSED without prejudice**.

2.  The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

3.  The **Clerk** shall send Petitioner a civil rights complaint form. If Petitioner chooses to initiate a civil rights action, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of June 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:  George Willie Buford, III

5